IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KENNETH MICHAEL HATCHER,

    Petitioner,

vs.                      CIVIL ACTION NO.: CV212-122

ANTHONY HAYNES, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kenneth Michael Hatcher ("Hatcher"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Hatcher filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

In 1991, Hatcher was charged, in the Northern District of Georgia, with first degree murder, in violation of 18 U.S.C. § 1111, and conspiracy to commit first degree murder, in violation of 18 U.S.C. § 371. (Doc. No. 7-1). A jury convicted Hatcher on both counts, and the district court sentenced him to life imprisonment. (Id.). Hatcher appealed, and, in 1992, the Court of Appeals for the Eleventh Circuit affirmed. (Id.). In

1997, Hatcher filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied in 1998. (Id.).

In the instant petition, Hatcher asserts that he is actually innocent of the criminal offenses of which he was convicted. His "actual innocence" claim is based on twelve discrete enumerations of error surrounding his conviction.

## DISCUSSION AND CITATION OF AUTHORITY

Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to 28 U.S.C. § 2255 is the proper method to be used by a prisoner seeking to collaterally attack the validity of his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942, 944–45 (11th Cir. 2005) (citation omitted); 28 U.S.C. § 2255(a). Conversely, a § 2241 petition is appropriate for claims concerning the execution of a sentence. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008). After filing an unsuccessful § 2255 motion, a prisoner may file successive § 2255 motions only with permission from the appropriate court of appeals and only in the narrow circumstances prescribed by § 2255(h). A prisoner may not file a § 2241 habeas petition in an attempt to circumvent the ban on successive § 2255 motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

However, when a motion filed under § 2255 would be "inadequate or ineffective to test the legality of his detention," a prisoner may file a habeas petition under § 2241. 28 U.S.C. § 2255(e). A motion under § 2255 is "inadequate or ineffective" as to a prisoner's claim, thus triggering the availability of § 2241, "when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3)

2

circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244. The petitioner has the burden of producing evidence showing the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (citation omitted).

Hatcher's claim, that he is actually innocent of the criminal charges of which he was convicted, is an attack on the validity of his conviction. Therefore, his claim falls within the ambit of § 2255, and in order to file a § 2241 petition, Hatcher's claim must fall within the savings clause of § 2255(e). Hatcher fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was foreclosed from raising his claim in his previously-filed § 2255 motions. Without meeting the Wofford test, Hatcher's claim does not fall within the savings clause of § 2255(e); therefore, he cannot bring it under § 2241.

In his Response to Respondent's Motion to Dismiss, Hatcher argues that he "should be granted permission to fall under the 'saving clause' and have [his] petition 2241 entertained" because his attorney in his criminal appeal had "no knowledge of Federal Rules and Procedures" and because his "motion for time extention [sic] for a legitamate [sic] 2255 was turned in to a 2255" which violated his right to due process. (Doc. No. 10, p. 2). Neither of these proffered reasons meets the Wofford test.

Hatcher's claim, that he is actually innocent of the criminal offenses of which he was convicted, is a claim appropriately brought under § 2255. Hatcher's claim fails to meet the Wofford test; therefore, Hatcher is not entitled to bring his claim pursuant to § 2241 by way of the savings clause articulated in 28 U.S.C. § 2255(e).

3

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and Hatcher's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of October, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE