FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2012 NOV -2 AM 9: 46
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KENNETH MICHAEL HATCHER,

   Petitioner,

  vs.

ANTHONY HAYNES, Warden,

   Respondent.

CIVIL ACTION NO.: CV212-122

## ORDER

Petitioner Kenneth Michael Hatcher ("Hatcher") filed Objections to the Magistrate Judge's Report dated October 15, 2012, which recommended that Hatcher's 28 U.S.C. § 2241 petition be dismissed. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

As discussed in <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999), and in the Magistrate Judge's Report, a motion under 28 U.S.C. § 2255 is inadequate or ineffective to collaterally attack the validity of a conviction or sentence, thus triggering the availability of § 2241 relief, only when a three-part test is met. When a prisoner's claim "1) [ ] is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it

otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion[,]" then the prisoner may pursue relief under § 2241. <u>Wofford</u>, 177 F.3d at 1244. Hatcher fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was foreclosed from raising these claims in his previously-filed motions.

In his Objections, Hatcher argues that <u>Wofford</u> "constitutes an unconstitutional suspension of the writ of habeas corpus as it infringes on Hatcher's inherent rights to seek redress of his grievances against an overzealous government consistent with the First Amendment of the Constitution." (Doc. No. 21, p. 1). <u>Wofford</u> has never been held unconstitutional. Additionally, Hatcher argues that he "was deprived of his one and only opportunity to perfect a § 2255[.]" (Doc. No. 21, p. 2). Hatcher still fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was foreclosed from raising these claims in his previously-filed motions; therefore he has not met the <u>Wofford</u> test. Finally, Hatcher argues that his claim in support of his petition "would be cognizable in 1789 prior to the advent of the [Antiterrorism and Effective Death Penalty Act], which did not abrogate § 2241 jurisdiction[.]" (Doc. No. 21, p. 3). Assuming, without deciding, that Hatcher is correct, his claim, that he is actually innocent of the criminal offenses of which he was convicted, is still properly brought pursuant to 28 U.S.C. § 2255, as determined by the Magistrate Judge.

Hatcher's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Respondent's Motion to Dismiss is

AO 72A
(Rev. 8/82)

**GRANTED**, and Hatcher's petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this ____ day of ____November____, 2012.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA